IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DEVONE HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00620 ) |
| ALEXCIS SOTELO, | ) JUDGE RICHARDSON ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint for alleged violation of civil rights (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Michael Devone Hill, a pretrial detainee in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee. With his Complaint, Plaintiff also filed an application to proceed in forma pauperis (IFP) (Doc. No. 2), without prepaying fees or costs.

The case is now before the Court for ruling on the IFP application, and for an initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. *Id.* § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof

if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983

claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ANALYSIS

Plaintiff alleges that, on May 30, 2020, Officer Sotelo falsely accused him of sexual harassment. (Doc. No. 1-1 at 1.) He alleges that the inmate showers are directly in front of the officers' station and that the shower curtains are too small to fully conceal showering inmates, so an officer staring into the shower area from the officers' station will unavoidably see inmates washing themselves, as Sotelo did on that day. (*Id.*) Plaintiff alleges that Sotelo "always comes to work like she's going to a singles bar, uniform so tight she can barely walk," and that she "constantly causes situations for the inmates" which, when she reports them to her superiors, result in the inmates being charged with misconduct or the entire unit being punished. (*Id.*) He claims that the sexual harassment charge leveled by Sotelo on May 30 was dismissed by a General Sessions judge on June 5, 2020, but that during the intervening days he was "highly stressed out and in fear for [his] safety because a sex charge in jail is a very dangerous charge to have [in that] inmates tend to just hear sex charge and automatically assume a child or rape" was involved. (*Id.*)

Plaintiff claims that Sotelo is guilty of intentional infliction of emotional distress and abuse of institutional power. (Doc. No. 1 at 3.) He claims that he has been "mentally damaged" "by being falsely charged [with] lewd behavior" and forced to live in fear of the consequences of that charge and the potential for retaliation by jail staff. (*Id.* at 4.) Citing injuries of emotional distress and fear, Plaintiff seeks an award of $50,000 in punitive damages and asks that Sotelo "be removed from the male population." (*Id.* at 5.)

However, Plaintiff's claims are not viable under Section 1983 or the PLRA. First, Plaintiff does not specify any constitutional or other federal right that Sotelo violated in falsely charging him with sexual harassment, as required to maintain his Section 1983 claim. *Carl*, 763 F.3d at 595. It is not entirely clear whether the charge Sotelo allegedly filed was an internal disciplinary charge, or a maliciously pressed, criminal charge of harassment. If it is the latter (as suggested by the allegation that a state judge dismissed the harassment charge), the Complaint's allegations would have to support the elements of a constitutional malicious-prosecution claim, including, e.g., that proceedings on the harassment charge "caused the plaintiff to suffer a deprivation of liberty." *Lester v. Roberts*, No. 20-5011, --- F.3d ---, 2021 WL 192725, at *4 (6th Cir. Jan. 20, 2021) (citing *Jones v. Clark Cnty.*, 959 F.3d 748, 756 (6th Cir. 2020)) (internal quotation marks omitted). But Plaintiff, already deprived of his liberty while awaiting trial on unrelated charges, does not allege any further deprivation of liberty as a result of the dismissed harassment charge. And if the charge Sotelo allegedly filed was a prison disciplinary charge, "Plaintiff has no right protecting him from being charged with a disciplinary offense." *Brown v. Carpenter*, 889 F. Supp. 1028, 1032 (W.D. Tenn. 1995) (citing, *e.g.*, *Wolfel v. Morris*, 972 F.2d 712, 716 (6th Cir.1992) (filing of report did not violate inmate's due process rights because he was acquitted of the charge)). Thus, Plaintiff cannot maintain this action under Section 1983.

Even if the complaint stated a viable claim under Section 1983, the PLRA bars any "Federal civil action . . . brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act [involving physical contact]." 42 U.S.C. § 1997e(e). The only injury alleged in the Complaint is the mental or emotional injury Plaintiff suffered due to his fear of the potential consequences of being charged with sexual harassment. (Doc. No. 1 at 4–5.)

Because no prior physical injury is alleged in the Complaint, Section 1997e(e) bars this action seeking to recover for mental or emotional injuries.

## **CONCLUSION**

For the reasons set forth above, the Court finds that the complaint fails to state a claim upon which relief may be granted. This case is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's pending motion for the appointment of counsel (Doc. No. 3) is **DENIED** as moot.

The dismissal is without prejudice to Plaintiff's ability to pursue relief in state court for any state law claims asserted herein.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE